IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SYLVIA ANN DRISKELL, | 8:15-CV-158 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| HOMOSEXUALS, | |
| Defendants. | |

    Under Art. III, § 2 of the United States Constitution, the United States Federal Courts were created to resolve actual cases and controversies arising under the Constitution and the laws of the United States. A federal court is not a forum for debate or discourse on theological matters. Other forums, freely accessible to citizens of the United States, exist for the purpose of addressing questions of religious doctrine. This is a court of law, and "'[t]he law knows no heresy, and is committed to the support of no dogma, the establishment of no sect.'" *United States v. Ballard*, 322 U.S. 78, 86 (1944) (quoting *Watson v. Jones*, 80 U.S. 679, 728 (1871)).

    The plaintiff's complaint (filing 1) names "Homosexuals" as the defendants, and consists of seven pages of her personal and religious views on the subject of homosexuality. But as an initial matter, the Court notes that the complaint does not comply with the general rules of pleading. Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to set forth, among other things, "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). The plaintiff did not set forth what relief she seeks in this matter. To the extent that she asks for anything from the Court, it is a declaration that homosexuality is sinful—a question that the Court cannot answer. The Court may decide what is lawful, not what is sinful. *See*, *Ballard*, 322 U.S. at 86; *Watson*, 80 U.S. at 711 ("the jurisdiction of civil courts being confined to 'civil actions,' they may not take cognizance of purely spiritual or ecclesiastical questions, as such; just as they may not take cognizance of any moral or scientific questions for the purpose of determining upon their abstract truth[.]")

    Nor has the plaintiff alleged a particularized injury sufficient to establish standing. *See Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2343 (2014). And her attempt to sue a class of unidentified defendants raises a number of problems, the first of which is that no defendant has been identified with sufficient specificity for service of process. *See United States ex*

*rel. Mayo v. Satan and his Staff*, 54 F.R.D. 282, 283 (W.D. Pa. 1971); *see also Keno v. Doe*, 74 F.R.D. 587, 589 (D.N.J. 1977). These deficiencies would, by themselves, subject this action to dismissal. However, the Court need not further address these issues because it is apparent that the Court lacks subject-matter jurisdiction over the plaintiff's complaint.

A plaintiff must sufficiently state a claim for relief that contains "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). In evaluating the plaintiff's claims, the Court must determine whether subject-matter jurisdiction is proper. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") As discussed below, the complaint must be dismissed for failure to set forth a bona fide basis for this court's subject-matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts; rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Federal district courts also have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted).

Here, the plaintiff does not set forth any factual or legal basis for a federal claim under the Constitution, laws, or treaties of the United States. Even construing the complaint liberally, it does not contain allegations reasonably suggesting federal question jurisdiction exists in this matter. Nor can the plaintiff plausibly allege that her citizenship is different from the citizenship of each defendant. And she has not asked for any money damages, much less enough to satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332. Therefore, the Court finds subject-matter jurisdiction is not proper in this action pursuant to either 28 U.S.C. §§ 1331 or 1332.

The Court will not give the plaintiff an opportunity to amend her complaint in this matter because it is obvious that amendment would be futile. Even liberally construed, the plaintiff does not set forth any discernible claim for relief over which this Court has jurisdiction. **This Court is not the**

**place to seek opinions regarding theological matters; this particular forum is closed and the case will be dismissed.**

IT IS ORDERED:

1. This action is dismissed for lack of subject matter jurisdiction.

2. The plaintiff's motion for leave to proceed in forma pauperis (filing 4) is denied as moot.

3. A separate judgment will be entered.

Dated this 6th day of May, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge

- 3 -